## DARTHULA C. STEVENS, APPELLANT, *v.* SAMUEL H. HIGGINBOTHAM AND ANOTHER, RESPONDENTS.

MORTGAGES.—FORECLOSURE.—CROSS BILL.—FRAUDULENT CONVEYANCE.—When in a suit to foreclose a mortgage, a cross bill is filed by a purchaser on sale under execution subsequent to the mortgage, wherein is alleged fraud in the execution of the mortgage, the burden is upon the plaintiff in the cross-action to show the fraudulent character of the transaction.

NEW TRIAL.—STATEMENT.—SPECIFICATION OF PARTICULARS.—*Semble* if the notice of motion for new trial specifies the particulars in which the evidence is insufficient to justify the decision it is not necessary to repeat the particulars in the statement on motion for new trial.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The notice of motion for new trial specified as one of the grounds for new trial the fact that the evidence was insufficient to justify the decision and proceeded to specify the particulars in which the evidence was insufficient to justify the decision. The statement upon motion for new trial did not contain any specification of particulars in which the evidence was insufficient, nor any assignment of errors.

*Mr. Thomas Maloney,* for the appellant.

*Mr. James N. Kimball* and *Mr. A. R. Heywood,* for the respondent.

The points made by appellant wherein the evidence is insufficient to justify the decision cannot be considered by this Court. The points argued in that portion of the brief are such as can only be reviewed on the appeal, from the order overruling the motion for a new trial and can only be brought into the record on appeal by a statement prepared and allowed before the motion is heard, or where the motion is made, as in this case, prepared and settled after the motion is heard. Code Civil Pro., Section 536;

Sub. 3 and Sect. 538.   The statement in the record in this case does not specify the grounds argued before the lower court for a new trial, nor any of the grounds argued in the brief and therefore must be disregarded.   *Butterfield* v. *C. P. R. R.*, 37 Cal., 331; *Ferrer* v. *Home Ins. Co.*, 47 Cal., 427; Hayne on New Trial, and Appeal, Sec. 163.   The notice of intention to move for a new trial embodied in the transcript cannot supply the place of specifications.   This notice is no part of the record on appeal, (See Sec. 538, Code of Civil Procedure) and is not made a part of the statement and therefore must be disregarded.   *Butterfield* v. *C. P. R. R. Co.*, above; *Ferrer* v. *Home Ins. Co.*, above; Hayne on New Trial and Appeal, Sec. 151.

JUDD, J.:

The plaintiff in this case filed her complaint in the district court at Ogden, in which she sets forth that on the sixteenth day of July, 1883, she loaned to the defendant Higginbotham the sum of $3,000, and took his note for the same, due at twelve months from date, bearing interest at 10 per cent. per annum; that at the same time the said defendant executed to her his mortgage deed upon certain real estate, situated in Ogden City, to secure the payment of said note and interest.   The note and mortgage are made exhibits to the complaint.   It also appears that about the time said mortgage and note were executed the said Higginbotham was in embarrassed circumstances financially, and that on the twenty-sixth of July, 1883, he became and was insolvent by executing a general assignment for the benefit of his creditors; that this assignment conveyed only personal estate.   It further appears that some short time after the execution of the assignment certain of Higginbotham's creditors sued out attachments against his estate, and levied them upon the real estate that he had conveyed by mortgage to the complainant in this cause.   Such proceedings were had in the case of those attachment suits as resulted in a sale of the land, and the same was sold by the marshal, and bought by defendant King to whom in due form the marshal executed a deed.   Being advised of these proceedings, the complainant, Stevens,

made King a defendant to her complaint in this cause. She asks that the court grant her a decree foreclosing the mortgage deed, and order that the land be sold and the proceeds be applied to the payment of her debt and costs. To her bill Higginbotham made no defense, and a default was duly entered against him. The defendant King filed his answer, in which he set up his title to the land under his deed from the marshal, and also filed a cross-bill, in which he set up that the mortgage to complainant was founded upon no consideration, but really executed by Higginbotham for the purpose of hindering, delaying and defrauding defendant King and other creditors, and praying that the same be declared void and for naught held by decree of the court. To this cross-bill the said Stevens filed a demurrer, which being overruled she filed an answer in which she denied all fraud, and reaffirmed the good faith of her note and mortgage. Upon the issues thus formed the parties went to trial.

The bill of exceptions contains many assignments of error, some of which are with and some of which are without merit. We have not found it necessary to review the case upon all the points presented at the bar in the argument, because, in looking into the proof, we are satisfied that the case upon the facts was wrongfully determined. The proof of the complainant and her husband is positive and· uncontradicted to the effect that they did lend this sum, $3,000, to Higginbotham. They show that they sold a lot in Ogden to D. H. Peery for $2,000, and that Peery paid them the money in cash. This statement Peery fully corroborates. They also show that complainant's husband was a photographer, and that in his business he, by economy, had saved up quite a sum of money, and that he kept his money in his house, and did not deposit in any bank, and that of his earnings he furnished $1,000, which, added to the $2,000 received from Peery, made the sum lent Higginbotham. Higginbotham's wife was a sister of complainant, Mrs. Stevens. There are some circumstances connected with the transaction which might of themselves, considered apart from the main facts of the case, tend to throw suspicion upon the good faith of the note and mort-

gage, but, when taken in proper connection with the other proof, are entirely consistent with fair dealing, The proof shows that complainant and her husband were ignorant people, and not at all familiar with such transactions as the one in this bill ; that they relied upon others for directions in execution and completion of this transaction. The burden of proof to show the *mala fides* of the transaction was upon King, and he failed to establish the fact; but, on the contrary, we are satisfied that the weight of proof is in favor of the fairness of the note and mortgage. The result is that the decree of the court below is reversed and the cause remanded to the district court at Ogden, with directions to enter a decree of foreclosure of the mortgage, in accordance with the prayer of the plaintiff's bill. The defendant King will pay the cost of this court and that of the court below, except the cost that shall hereafter accrue, which shall be paid out of the proceeds of the sale of the mortgaged premises.

ZANE, C. J., and ANDERSON, J., concurred.